Larry Lynn Davis
P.O. Box 9172
Tucson, Arizona 85742
402-309-4100
Attorney in Fact



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

In re: Larry Lynn Davis

Petitioner,

v.

Seward County Court, Nebraska health and Human services, State of Nebraska

Respondent,

CIV 09-727 TUC JMR

Case No. 4:09-cv-00403

**PETITION FOR WRIT OF MANDAMUS or JUDICIAL REVIEW**

## RELIEF REQUESTED

Larry Lynn Davis, a victim in JV 05-84 in Seward County Court, Seward Nebraska petitions this Court for a Writ of Mandamus reversing the County court order In the interest of Jonathan Davis, Minor, [excluding the victim from gaining proper legal custody of my son Jonathan David Davis.]

## ISSUES[S] PRESENTED

My wife lost custody of my son because of health concerns and currently resides in a nursing home. The State of Nebraska has had a history of scheduling hearing then delaying them two or more times. I believe the intent is for Nebraska Health and Human services to continue these tactics until my son ages out of the system.

## FACTUAL BACKGROUND

These facts include (1) what defendant is charged with, (2) what victim's testimony would establish, (3) when the court held a hearing, and what testimony was presented, and (4) what the court ruled. The only thing the Nebraska health and Human services has against me is charges that were set aside. I was charged with disturbing the peace. I at first pled no contest to that charge. I have a friend who is a retired attorney asked me what evidence they had to charge me with that charge. I said I did not know my court appointed attorney did not ask for an evidence hearing. I discharged this attorney. Then I filed a motion to set aside the verdict due to legal malpracice. I also asked that the county attorney present any evidence they had to bring the charge. They had none to offer. I spent 35 days in jail for nothing. I claim damages of $1,000.00 a day as well. I demand that this claim be paid in gold. Per United States consitition.

**THIS COURT MUST ISSUE A WRIT OF MANDAMUS REVERSING THE RULING OF THE DISTRICT COURT THAT EXCLUDING THE VICTIM FROM ATTENDING ALL SESSIONS OF THIS PUBLIC PROCEEDING.**

I. <u>This Issue Is Properly Reviewed by Mandamus</u>

Pursuant to 28 U.S.C. § 1651 and 18 U.S.C. § 3771(d)(3), the district court's order is reviewable pursuant to a writ of mandamus. This Court analyzes five factors in determining the propriety of mandamus:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. I have tried many times to work with the Seward County Court and the judge has the additude that the case is decided and all he will do is review the case.
>
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first). That court schedules hearing then at the last moment delays it for whatever reason under the sun. Attached is a copy of the latest delay tactic. I filed to get custody they received it on Dec. 15th, 2009 and they scheduled a hearing on April 2, 2010. They most likely will delay this hearing when it comes up for review.
>
> (3) The county court's order is clearly erroneous as a matter of law.
> (4) The county court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
>
> (5) The district court's order raises new and important problems, or issues of law of first impression.

**Bauman v. United States Dist. Court**, 557 F.2d 650, 654-55 (9th Cir. 1977) (citations omitted).

These factors are only guidelines and raise questions of degree, including how clearly erroneous the county court's order is as a matter of law and how severe the damage to the petitioner will be without relief. 557

F.2d at 655. Furthermore, these factors need not all point the same way or even all be applicable in cases where relief is warranted. Id. The existence of clear error as a matter of law, however, is dispositive. *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1105 (9th Cir. 1996).

The *Bauman* factors favor issuance of the writ in this case. As to (1) and (2), the victim has no other adequate means to obtain relief, and cannot obtain review by direct appeal from a judgment after trial, because the harm – exclusion from the trial process – will already have occurred during the trial. Moreover, the resolution of this issue does not depend on facts to be developed at trial.

The only reason that they are denying me custody is that my son gets SSI and the state gets other funds from the federal government. The love of money is clearly the root of all evil.

Respectfully submitted this 29th day of December, 2009.

_____
[name]
Attorney for Petitioner

## STATEMENT OF RELATED CASES

[To the knowledge of counsel, there are no related cases pending. Or, a related case is pending before this Court, in C.A. No. ------.

## CERTIFICATE OF SERVICE

I hereby certify that on this day Tuesday, December 29, 2009, I served the foregoing Petition for Writ of Mandamus, and or judicial review by causing to be mailed, postage prepaid, and one copy to the following individuals:

Hon. Sheila R. Brind
Seward County Court
P.O. Box 36
Seward, Nebraska 68434

[AUSA]
Office of the United States Attorney
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

_____

Larry Lynn Davis
Attorney in fact

| Image ID: D00035440C16 | **ORDER FOR HEARING** | Doc. No. 35440 |

IN THE COUNTY COURT OF SEWARD COUNTY, NEBRASKA

IN THE INTEREST OF JONATHAN DAVIS, MINOR

Case ID: JV 05 84

The following matters in this case are set for hearing:
    Hearing
on April 2, 2010, at 10:30AM in Seward County Court Crtrm..

Date: December 15, 2009     BY THE COURT:  _____
                                            Judge/Clerk Magistrate

Special Instructions:
hearing on father's motion to regain custody

**FILE COPY**

Larry Davis
P.O. BOX ~~577~~ 91772
~~Wilber, NE 68465~~
Tucson AZ 85742

Larry Lynn Davis
P.O. Box 91772
Tucson, AZ 85742

IN THE COUNTY COURT OF SEWARD COUNTY, NEBRASKA

| | |
|---|---|
| In the interest of Jonathan and Angela Davis | Case No.: JV 05-84 AND JV 05-85 |
| | Motion to regain custody |

The court has no legal reason to deny full custody of Jonathan David Davis. Therefor I move the court to grant full custody today.

If the court Denys this motion then I will expand my federal lawsuit to include the court and all of it staff, filed against Connie Miller

Dated this Day Thursday, December 10, 2009

Larry Lynn Davis

FILE COPY